<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EZELL MILLER,<br><br>     Plaintiff,<br><br>   v.<br><br>HONORABLE ALBERTO RIVAS *et al.*,<br><br>     Defendants. | Civil Action No. 20-37 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on the *in forma pauperis* application ("IFP Application") of Plaintiff Ezell Miller ("Plaintiff") to proceed with his action without prepayment of fees under 28 U.S.C. § 1915. (ECF No. 1-2.) Based on Plaintiff's affidavit of indigence and prison account statement, the Court grants Plaintiff's IFP application, and orders the Clerk of the Court to file the Complaint. Having reviewed the Complaint, however, the Court will dismiss the Complaint because Plaintiff fails to state a claim and seeks relief from immune defendants.

I.  <u>BACKGROUND</u>

Plaintiff is currently incarcerated in Middlesex County Correctional Facility. (*See* Compl. ¶ 1, ECF No. 1.) Defendant Judge Alberto Rivas ("Judge Rivas") is a member of the New Jersey state judiciary and a Superior Court Judge in Middlesex County, New Jersey. (*Id.* ¶ 2.) Defendant Vincent Vitale ("Vitale") is an Assistant Prosecutor with the Middlesex County Prosecutor's Office. (*Id.* ¶ 3.) Plaintiff claims that Middlesex County law enforcement personnel filed an application for a search warrant before Judge Rivas, alleging that Plaintiff, along with others,

distributed controlled dangerous substances in a New Brunswick apartment. (*Id.* ¶ 5.) Plaintiff alleges that he was erroneously identified in the search warrant because at all times mentioned in the warrant, he was in the custody of the Middlesex County Correctional Facility. (*Id.* ¶ 6.) Plaintiff ultimately filed a motion to suppress evidence before Judge Rivas. (*Id.* ¶ 7.) Judge Rivas conducted an evidentiary hearing on that motion, which he ultimately denied. (*Id.* ¶ 8.) Plaintiff now brings this action, alleging causes of action for violations of Plaintiff's procedural and substantive due process rights. (*Id.* ¶¶ 9-10.)

## II.    LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from suit. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555.)

To survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d

203, 210 (3d Cir. 2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must be able to demonstrate that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. Furthermore, while pro se pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

The Court considers Plaintiff's claims as brought under 42 U.S.C. § 1983. § 1983 provides in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citing *Versarge v. Township of Clinton*, 984 F.2d 1359, 1363 (3d Cir. 1993)). Plaintiff seeks both monetary damages and declaratory relief in this matter.

### A.   The Claims Against Judge Rivas Are Dismissed.

First, the Court finds that Plaintiff's claims for procedural and substantive due process violations are not actionable under § 1983. It is established that, generally, a judge is immune from

liability for all actions taken in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id*. Judicial immunity, however, does not apply under two circumstances. "First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12 (citation omitted). To determine whether an act qualifies as a judicial act, courts look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Plaintiff's allegations against Judge Rivas relate only to judicial acts taken in his capacity as a New Jersey state court judge. Plaintiff does not plead any facts that would indicate that Judge Rivas's actions in denying his motion to suppress was taken in the absence of jurisdiction. Accordingly, Plaintiff's claims for monetary damages and declaratory relief against Judge Rivas are dismissed.

**B.      The Claims Against Prosecutor Vitale Are Also Dismissed.**

Plaintiff's claims against Vitale are similarly not actionable under § 1983. A prosecutor is entitled to absolute immunity against suits concerning work "intimately associated with the judicial phase of the criminal process." *Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citation omitted)). Although prosecutorial immunity is an affirmative defense, a district court may dismiss a claim upon a § 1915(e)(2) screening if the plaintiff's complaint plainly shows that the defendant is entitled to prosecutorial immunity. *See, e.g.*, *Fallin v. Mueller*, No. 15-248, 2015 WL 4951280, at *3 (M.D. Pa. Aug. 19, 2015). To determine whether prosecutorial immunity exists, courts look at "the functional nature of the

4

activities rather than [the prosecutor's] status." *Fogle*, 957 F.3d at 159 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Plaintiff's Complaint offers limited facts concerning Vitale's actions as they relate to Plaintiff's claims. (*See generally* Compl.) The Complaint discloses that Vitale "was responsible for enforcing and prosecuting criminal cases originating in Middlesex County, New Jersey." (Compl. ¶ 3.) Moving to the claims, Plaintiff alleges that Defendants' "collective actions operated to deny [P]laintiff procedural and substantive due process protections." (Compl. ¶ 10.) Plaintiff offers no additional facts to support his claims against Vitale specifically for constitutional violations. Because Plaintiff is pro se, however, the Court construes the Complaint liberally. The crux of the Complaint is that a search warrant erroneously identified Plaintiff. (*Id.* ¶ 7.) Liberally construed, Plaintiff appears to allege that Vitale, as prosecutor, violated Plaintiff's rights by applying for the erroneous search warrant and pursuing the underlying charges against Plaintiff. But with respect to this claim, Vitale is entitled to prosecutorial immunity. *Gatson v. New Jersey*, No. 09-1658, 2009 WL 3667066, at *6 (D.N.J. Nov. 4, 2009) ("Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity." (citing *Burns*, 500 U.S. at 486)), *aff'd*, 457 F. App'x 85 (3d Cir. 2012). To be sure, the Complaint does not allege any facts regarding Vitale that occurred outside of the criminal process. *United States v. Washington*, 869 F.3d 193, 219 (3d Cir. 2017) ("Prosecutors are ordinarily shielded by absolute immunity for their prosecutorial acts . . .") The Court, accordingly, finds that Vitale is entitled to immunity.

IV.     **CONCLUSION**

For the foregoing reasons, the Court dismisses Plaintiff's Complaint. An appropriate order will follow.

/s/ Michael A. Shipp_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE